```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOE HAND PROMOTIONS, INC.,

                Plaintiff,                    MEMORANDUM AND ORDER

         - against -                          20 Civ. 1650 (NRB)

ALBIN INFANTE, Individually, and as
Officer, Director, Shareholder and/or
Principal of MOFONGO EL MOCANO RESTAURANT
AND LOUNGE CORP.

and

MOFONGO EL MOCANO RESTAURNT AND LOUNGE
CORP.

                Defendants.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On February 25, 2020, plaintiff Joe Hand Promotions, Inc. ("plaintiff") brought this action against Albin Infante ("Infante") and Mofongo el Mocano Restaurant and Lounge Corp. ("Mofongo") (together, "defendants"). Plaintiff alleged that defendants violated the Copyright Act, 17 U.S.C. § 504, and the Communications Act of 1934, 47 U.S.C. § 605, by intercepting and exhibiting a broadcast of the January 19, 2019 boxing match between Manny Pacquiao and Adrien Broner ("Event") to their patrons in violation of plaintiff's exclusive rights of distribution and public performance for the Event. Plaintiff further alleges that

1

defendants could have purchased a license to broadcast the Event lawfully for $1,500.  ECF Nos. 17-1 at 10, 17-5.

Defendants Mofongo and Infante were served with copies of the summons and complaint on March 10, 2020 and March 17, 2020, respectively.  See ECF Nos. 11-12.  On June 25, 2020, after defendants failed to answer the complaint, the Clerk of Court entered certificates of default as to both defendants.  See ECF Nos. 15-16.  Thereafter, on August 20, 2020, plaintiff moved for default.  See ECF No. 17.  In its motion for default, see ECF No. 17-1, plaintiff claims $30,000 in damages pursuant to the Copyright Act and the Communications Act.

**I.   Statutory Framework**

For an established violation of the Copyright Act, a court may award a plaintiff statutory damages of "not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Moreover, if the "infringement was committed willfully," the Court may, in its discretion, increase the award of statutory damages up to $150,000.  Id. § 504(c)(2).  "[A] defendant's knowledge that its actions constitute an infringement [of the Copyright Act] establishes that the defendant acted willfully" within the meaning of the Act.  Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc., 807 F.2d 1110, 1115 (2d Cir. 1986).  Here, plaintiff claims $5,000 in statutory damages

2

pursuant to Section 504(c)(1) and an additional $5,000 for willful violation of the Copyright Act under Section 504(c)(2).

Plaintiff also claims damages under Section 605 of the Communications Act, which protects against the "the interception of cable-borne, as well as over-the-air, pay television where cable-borne transmissions originate as satellite transmissions." Top Rank, Inc. v. Ortiz, No. 01 Civ. 8427, 2003 WL 1960211, at *2 (S.D.N.Y. Mar. 27, 2003) (citing Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997)).  Section 605 provides for penalties "of not less than $1,000 or more than $10,000" for each violation of section 605(a), 47 U.S.C. § 605(e)(3)(c)(i)(II), and for an additional amount of as much as $100,000 where the violations were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," id. § 605(e)(3)(c)(ii).  With respect to willfulness, "the question for the court is whether the defendant has exhibited disregard for the governing statute and an indifference for its requirements." Joe Hand Promotions, Inc. v. Levin, No. 18 Civ. 9389, 2018 WL 3050852, at *4 (S.D.N.Y. July 12, 2019) (internal quotations omitted).  In addition, Section 605 directs the Court to award "full costs," including reasonable attorneys' fees, "to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(b)(iii).  Here, plaintiff claims the maximum amount of statutory damages, $10,000, pursuant to 47 U.S.C.

§ 605(e)(3)(c)(i)(II), as well as an additional $10,000 for willful violation of Section 605(a) pursuant to § 605(e)(3)(c)(ii).

When determining an award of statutory damages, a court may consider a variety of factors, including "the deterrent effect on the infringer and third parties" and "the revenue lost by the copyright holder." Bryant v. Media Right Productions Inc., 603 F.3d 135, 144 (2d Cir. 2010). In order to ascertain lost revenues, the court can take into account unpaid licensing fees. BWP Media USA Inc. v. Uropa Media, Inc., No. 13 Civ. 7871, 2014 WL 2011775, at *2 (S.D.N.Y. May 16, 2014).

## II. The Instant Case

Where, as here, defendants have defaulted, all of plaintiff's factual allegations, except those related to damages, must be accepted as true. Garden City Boxing Club, Inc. v. Guzman, No. 03 Civ. 8776, 2005 WL 1153728, at *2 (S.D.N.Y. Apr. 26, 2005).

With respect to its Copyright Act claim, those admissions establish that plaintiff had been assigned the exclusive rights of distribution and public performance under copyright to certain commercial establishments for the Event, and that defendants publicly displayed the Event without obtaining a license. Accordingly, plaintiff is entitled to a default judgment on its Copyright Claim. See Top Rank, Inc. v. Allerton Lounge Inc., No. 96 Civ. 7864, 1998 WL 35151728, at *5 (S.D.N.Y. Mar. 5, 1998) (entitlement to damages under 17 U.S.C. § 504 where plaintiff had

4

the exclusive rights of distribution for the program). With respect to its Communications Act claim, plaintiff alleged that the Event originated via satellite and that defendants, without a license authorizing them to do so, intercepted and exhibited the Event. Accordingly, plaintiff also is entitled to a default judgment on its Communications Act claim. Kingvision Pay-Per-View Ltd. v. Hansen, No. 02 Civ. 6587, 2004 WL 744230, at *2 (S.D.N.Y. Apr. 5, 2004) (47 U.S.C. § 605(a) protects against the theft of "satellite communications such as the fight").

Moreover, as relevant to both claims, see 17 U.S.C. § 504(c)(2), 47 U.S.C. § 605(e)(3)(c)(ii), defendants acted willfully when they violated the Acts. As an initial matter, Mofongo marketed the Event to potential patrons on Instagram. Then, defendants arranged to broadcast the Event on three television sets without authorization, which is "itself a demonstration of willfulness, since signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." J&J Sports Prods., Inc. v. Ramirez, No. 17 Civ. 6926, 2018 WL 1961107, at *2 (S.D.N.Y. Apr. 9, 2018) (alteration in original) (quoting J&J Sports Prods., Inc. v. Onyx Dreams Inc., No. 12 Civ. 5355, 2013 WL 6192546, at *6 (E.D.N.Y. Nov. 26, 2013)).

Plaintiff claims damages pursuant to both the Copyright Act and the Communications Act based on the same set of facts, which

5

is permissible as a matter of law.  See Joe Hand Promotions, Inc. v. Maupin, No. 15 Civ. 6335, 2018 WL 2417840, at *8 (E.D.N.Y. May 25, 2018) ("[e]ach Act vindicates separate rights and courts have found it proper to award damages under both Acts").  Nevertheless, the Court finds that the $30,000 in damages claimed by plaintiff are excessive in light of the injury suffered.  See Joe Hand, 2018 WL 3050852, at *6 (citations omitted) (concluding that it would be "demonstrably excessive" to award substantial damages under both the Copyright Act and the Communications Act).  As alleged by plaintiff, defendants could have purchased broadcast rights for the Event for $1,500.  ECF Nos. 17-1 at 10, 17-5.

Accordingly, the Court awards plaintiff statutory damages under the Copyright Act in the amount of $3,000 and under the Communications Act in the amount of $3,000, for a total of $6,000.  This amount reflects that damages are properly awarded under both Acts, see Joe Hand, 2018 WL 2417840, at *8, and also seeks to compensate plaintiff's lost licensing fee of $1,500 while deterring future conduct in violation of the Acts, see BWP Media, 2014 WL 2011775, at *2 (finding it appropriate to "treble the actual damages" to reflect lost revenue and deter wrongful acts); see also Joe Hand, 2018 WL 3050852, at *4 ("Under similar circumstances, courts have awarded enhanced damages equal to three times the amount of statutory damages.").

While plaintiff has not requested attorney's fees in its motion for default judgment, the docket reflects that plaintiff paid a $400 filing fee and $40 to effect service. See ECF Nos. 1, 11. We therefore award plaintiff an additional $440 in costs. Garden City Boxing, 2005 WL 1153728, at *4 ("An award of costs, including attorneys' fees, is mandatory under § 605. [Plaintiff] has not sought attorneys' fees. It has, however, presented evidence that it incurred $302.50 in costs, consisting of the filing fee, investigative expenses, and the cost of serving process. It is entitled to an award of costs in that amount.") (internal citations omitted); see also Joe Hand Promotions, Inc. v. Rosero, No. 19 Civ. 792, 2020 WL 2572328, at *9 (E.D.N.Y. Feb. 18, 2020) (awarding filing and service of process fees in absence of request for attorney's fees).

For the foregoing reasons, we grant the motion for default judgment and award damages in the sum of $6,440.00. The Clerk of Court is respectfully directed to enter final judgment in favor of plaintiff and to terminate the motion pending at docket entry 17.

**SO ORDERED.**

DATED:   New York, New York
         October 14, 2020

                                                      _____
                                                      NAOMI REICE BUCHWALD
                                                      UNITED STATES DISTRICT JUDGE